JONES v. McCRADY.

DEMURRER—PRACTICE—PLEADINGS.—Oral demurrer to complaint in this case sustained, because complaint did not state date of judgment under which sheriff levied execution, or any invalidity therein.

Before WATTS, J., Chester, November, 1896. Reversed.

Action by Allen Jones, Thomas C. Robertson, William A. Courtenay, and the Landsford Water Power Company against Edward McCrady and William H. Hood, as sheriff of Chester County, on the following complaint:

I. That the said William A. Courtenay holds the legal title in fee to the premises herein below mentioned, under and by virtue of deed of conveyance executed and delivered to him by John C. McFadden, clerk of the court of common pleas for Chester County, in the State aforesaid, dated the 12th day of November, 1892, and recorded in the office of the register of mesne conveyance for said county on the 12th day of November, 1892, in vol. 75, No. 109, page 154, a true copy of said deed being hereunto attached, marked exhibit "A."

II. That on the 16th day of November, 1892, the said William A. Courtenay executed and delivered his certain declaration of trust, hereunto annexed and marked exhibit "A," by which he declared that the purchase money for the property so conveyed to him by John C. McFadden, clerk, was paid in equal proportion by him, the said William A. Courtenay, and by Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London, and that he held the same in trust, to be thereafter conveyed and disposed of by him in such manner as he might be directed to do by the said parties, or the majority of them, to a corporation to be organized to develop said property, or as he might be otherwise directed by the said parties, or the majority of them, as will more fully appear by reference to exhibit "B," to which reference is craved.

III. That by direction of said parties the said William A. Courtenay, by warranty deed dated the 27th day of October, 1894, and duly recorded in the office of the register of mesne conveyance of Chester County, 13th of December, 1894, conveyed to the Landsford Water Power Company, a corporation duly organized and existing under the leave of said State, tracts Nos. 11, 12, 13, and 15, mentioned and described in the said deed from Jonn C. McFadden to William A. Courtenay, and that said company is now seized and possessed of said lands in fee, and a copy of said deed from William A. Courtenay to said Landsford Water Power Company being hereunto annexed as exhibit "C." That the said William A. Courtenay still holds the legal title, and is in possession of tracts Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, and the said island in Catawba River known as "Davie Island," mentioned and described in said deed from John C. McFadden, clerk, to William A. Courtenay.

IV. That the defendant, W. H. Hood, as sheriff of Chester County, has levied upon the interest of Allen Jones and Thomas C. Robertson in all the said property mentioned and described in said deed from John C. McFadden, clerk as aforesaid, to William A. Courtenay, and is now proceeding to advertise the same for sale at Chester Court House, on the first Monday in January, 1896, under and by virtue of an execution issued on judgment obtained by Edward McCrady against said Allen Jones and Thomas C. Robertson, as copartners under the firm name of Jones & Robertson. That the said Allen Jones and Thomas C. Robertson, or either of them, have no legal title to said premises, or other interest therein of any nature whatsoever, except as hereinbefore stated, and that plaintiffs are advised that no part of said premises is subject to levy and sale under said execution, but that if such sale or attempted sale by said sheriff under said execution is permitted, that it will result in casting a cloud upon the title of said property, and will necessitate a multiplicity of vexatious suits, to the great injury and damage of plaintiffs. Wherefore, plaintiffs pray

judgment: 1. That the said defendands, Edward McCrady and W. H. Hood, as sheriff aforesaid, he enjoined from advertising and selling said property or any part thereof. 2. That the levy upon said lands be set aside as null and void. 3. For such other and further relief as may be just. *Verified.*

The exhibits are as follows:

*Exhibit A.*—State of South Carolina, County of Chester. To all whom these presents shall come: I, John C. McFadden, clerk of the court of common pleas in and for the county aforesaid, send greetings: Whereas, Mary Fraser McCrady, on or about the     day of December, A. D. 1886, exhibited her complaint in the Court of Common Pleas for the county aforesaid, against Allen Jones, Thomas C. Robertson, and others. And whereas, Edward McCrady, the younger, on or about the     day of September, A. D. 1887, exhibited his complaint in the Court of Common Pleas for the county and State aforesaid, against Wm. R. Davie, Henrietta C. Davie, *et al.*, demanding judgment in relation to the premises hereinafter mentioned and described. And the causes being at issue, were tried together, and came on to be heard on the 25th day of January, 1890, and such proceedings were had therein as resulted in a decree of the said Court on said date in both of said causes, whereby it was adjudged and decreed that the said premises therein referred to (a portion of which is hereinafter mentioned and described), be sold by John C. McFadden, clerk as aforesaid, in and for the county aforesaid, on the terms and for the purposes mentioned in the said proceedings, as by reference thereto on file in said Court will appear; and the said clerk, after having duly advertised the said property for sale by public outcry, on the 5th day of July, in the year of our Lord, 1892, did then publicly and openly, and according to the custom of auction, sell and dispose of the portion of the same hereinafter described and conveyed unto William A. Courtenay for the sum of $26,500, he being, at that price, the highest bidder for the same. Now, therefore, know all

men by these presents, that I, John C. McFadden, clerk as aforesaid, in and for the county of Chester aforesaid, in consideration of the sum of $26,500 to me paid by the said William A. Courtenay, the receipt whereof is hereby acknowledged, have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release unto the said William A. Courtenay all that plantation or tract of land, being part of the plantation known as "Landsford," and formerly the property of the late Gen. William Richardson Davie, situate, lying, and being on the west bank of the Catawba River, in the county of Chester, State of South Carolina, measuring and containing 2,745 acres, more or less, butting and bounding to the east and partly to the southward on Catawba River, including the island in the said river known as Davie Island; to the westward on lands now or formerly of James Black, W. L. Edwards, W. D. Fudge, F. G. Fraser, Mrs. Crosett, and — Thomas; and to the northward on lands now or formerly of estate of C. C. Brunson, H. Smith, and R. Stevenson; which measurements, buttings, and boundings will more fully appear by reference to a survey and plat of the said plantation, made under order of the Court by J. C. Hicklin, surveyor, on the 10th day of June, A. D. 1892, and which plat is annexed to this deed of conveyance as part and parcel thereof, by which plat the said premises, under the order of Court aforesaid, was made, and in which plat the entire Landsford plantation, containing 3,304 acres, including Davie Island, was divided into fifteen parcels, the premises herein sold and conveyed consisting of fourteen of said parcels, besides the said Davie Island, and comprising the entire Landsford plantation, with the exception only of the home tract parcels, designated and marked as No. 14 in the aforesaid plat, containing 562 acres, which is this day conveyed to Mrs. Henrietta C. Davie. The premises herein conveyed to the said William A. Courtenay, being referred to and described in the said plat, as follows: Tract No. 1, containing 125 acres; No. 2, 148; No. 3, 196; No. 4, 117; No.

5, 182; No. 6, 177; No. 7, 324; No. 8, 154; No. 9, 80; No. 10, 85; No. 11, 574; No. 12, otherwise known as home tract parcel No. 3, 223; No. 13, home tract parcel No. 2, 296; No. 15, 12; the island in Catawba River known as Davie, 52— 2,745 acres. Together with all and singular the rights, members, hereditaments, and appurtenances to the said premises belonging, or in any wise incident or appertaining; and all the estate, right, title, claim, and interest whatsoever of the parties to the cause aforesaid, and each of them, in and to the same, and of all other persons rightfully claiming from, under or by them, or any of them. To have and to hold, all and singular the premises before mentioned unto the said William A. Courtenay, his heirs and assigns, forever. In witness whereof, I, John C. McFadden, clerk as aforesaid, under and by virtue the aforesaid decree, have hereunto set my hand and seal, this 12th day of November, in the year of our Lord 1892, and in the 117th year of the independence of the United States of America. John C. McFadden, clerk C. C. [Seal.] Signed, sealed, and delivered in the presence of Paul Hemphill, S. P. Hamilton.

*Exhibit B.*—The State of South Carolina. To all whom these presents shall come: I, William A. Courtenay, of the city of Charleston, State aforesaid, send greeting: Whereas, heretofore, to wit: on the 12th day of November, A. D. 1892, John C. McFadden, clerk of the court of common pleas of the county of Chester, State aforesaid, executed to me a conveyance of certain real estate, comprising the larger part of what is commonly known as the Landsford plantation, situated in the said county of Chester, such sale having been made and such conveyance executed in pursuance of a decree of the said Court, filed on the 25th day of June, A. D. 1892, in the two several cases of Edward McCrady, jr., *v.* William R. Davie *et al.*, and Mary Frazer McCrady *v.* Allen Jones *et al.*, as will more fully appear by reference to the said conveyance, as it is recorded in the registry of mese conveyance for the said county of Chester. And whereas, the said property was purchased by me, the said William A. Courtenay,

in connection with Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London, for the purpose of conveying the same to a corporation, to be organized to develop the said property, each of the said parties contributing one equal one-fifth part towards the purchase money thereof. And whereas, it was judged best to have the said conveyance made to me alone, in order that the property thereby conveyed might be more easily and conveniently reconveyed to the said corporation, as soon as the same was organized and ready to receive such conveyance. Now, know all men: that I, the said William A. Courtenay, do hereby acknowledge and declare that the purchase money to the property so conveyed to me by John C. McFadden, clerk as aforesaid, was paid in equal proportion by me, the said William A. Courtenay, and by Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London; that the conveyance of the property was so made to me, to be held by me until a corporation should be organized under the direction and control of the said parties, for the purpose of developing the said property; and that thereupon, and as soon as the said corporation was duly organized and prepared to receive a conveyance of the said property, that I, the said William A. Courtenay, should execute thereto a conveyance in fee simple on such terms and upon such conditions as I might be directed by the said parties, or a majority of them. And I, the said William A. Courtenay, hereby for myself, my heirs, executors, administrators, and assigns, covenant to and with the said Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London, their and each of their heirs and assigns, forever, that I will hold the said property to and for the purposes above mentioned, and for no other use or purpose whatsoever, and that I shall and will well and truly convey in fee simple the said property to the said corporation above mentioned, so soon as the same is duly organized and prepared to receive the same. And that in the event of a failure to organize such corporation, or in case the parties above named, or the majority of them, should decide to

make other use of the said property, then that I, and my heirs, executors, administrators, and assigns, shall and will convey and dispose of the said property in such manner as I may be directed to do by the said parties, or the majority of them. And in case of my death on or before the conveyance by me of the said property in any of the ways above mentioned, then it is understood and agreed, and I hereby declare, that the property so conveyed to me is held by me in trust, that the said trust may be conveyed to the corporation so to be formed, or in such other way as may be determined by the said parties, to wit: the said Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London, or the majority of them, and that the conveyance of the said property, so made and executed by the said parties, or the majority of them, shall operate as a good, sufficient, and valid conveyance in fee simple of the said property. In witness hereof, I hereunto set my hand and seal, this 16th day of November, in the year of our Lord 1892. Wm. A. Courtenay. [Seal.] Signed, sealed, and delivered in presence of E. G. Gaillard, Edw. J. Pepper.

*Exhibit C.*—The State of South Carolina. Whereas, John C. McFadden, clerk of the court of common pleas for Chester County, in the State aforesaid, heretofore conveyed to me, William A. Courtenay, by deed dated the 12th day of November, 1892, and recorded in the office of the register of mesne conveyance for said county, the premises hereinafter described, together with certain other lands mentioned in said deed. And whereas, the money to purchase said property, so conveyed to me for convenience, was paid in equal proportions by myself, the said William A. Courtenay, Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London. And whereas, by my declaration of trust, executed and delivered to said parties on the 16th day of November, 1892, I, the said William A. Courtenay, covenanted to and with the said Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London, that I would hold said property until a corporation should be organized,

under the direction and control of said parties, for the purpose of developing the said property; and that thereupon, and as soon as said corporation was organized and prepared to receive the same, I, the said William A. Courtenay, would execute thereto a conveyance in fee simple, on such terms and upon such conditions as I might be directed by the said parties, or a majority of them. And whereas, the Landsford Water Power Company has been duly organized as a corporation under the laws of the State of South Carolina, under the direction and control of said parties, for the purpose of developing said property; and each of said parties having subscribed $10,000 to the capital stock of said company, payable by a transfer and conveyance of their interest in the water power and tracts of 1,109 acres of land hereinafter described. And whereas, I have been directed by said parties to convey, in fee simple, to the said Landsford Water Power Company the premises hereinafter described, in payment of said subscriptions to the capital stock of said company: Now, know all men by these presents, that I, William A. Courtenay, in consideration of the premises, and of 500 shares of the capital stock of the said Landsford Water Power Company, of the par value of $100 each, issued 100 shares each to William A. Courtenay, Francis J. Pelzer, Thomas C. Robertson, Allen Jones, and John R. London, have granted, bargained, sold and released, and by these presents do grant, bargain, sell, and release unto the said Landsford Water Power Company, all of the four following described tracts of land, situated on and near Catawba River, in the county of Chester, in the State aforesaid, and embracing the water power on said Catawba River, known as the "Landsford Water Power," to wit: (1) All of that tract of land, beginning at a stake on the western bank of Catawba River and running thence S. 3 W. 2 to stake; thence S. 20, E. 4.50 to stake; thence S. 39, W. 28.50 to stake; thence N. 80, W. 28 to stake; thence S. 63, W. 24.50 to stake in the Rock and Landsford road; thence along said road 99.50 to stake at intersection of said road with the

Chester road; thence along said Chester road to stake; thence S. E. to the Catawba River, at a point below ferry; thence up the Catawba River to the beginning; containing 574 acres, more or less, and being designated on plat made by J. C. Hicklin, surveyor, on June 10th, 1892, under order of Court in case of Mary F. McCrady *v.* Allen Jones *et al.*, as tract "No. 11." (2) All of those two tracts of land abutting each other, and designated on said plat made by J. C. Hicklin as tract No. 12, containing 223 acres, and tract No. 13, containing 296 acres, beginning at stake in Rock Hill and Landsford, and running thence S. 33, W. 64.50 to stake; thence S. 67, E. 24.80; thence N. 24, E. 4.40 to stake; thence S. 49, E. 48.80 to stake; thence S. 36, E. 16, to stake in middle of Chester road; thence down said Chester road to stake at its intersection with the Rock Hill and Landsford road, and thence up said road to the beginning, containing in the aggregate 519 acres. (3) All of that tract of land designated on said plat made by J. C. Hicklin as tract No. 15, beginning at a post oak on the Rock Hill and Landsford road, and running thence N. 6, W. 20 to the post oak; thence N. 81, W. 8.20 to stake; thence S. 15, W. 16.40 to stake at said Rock Hill and Landsford road, and thence down said road to the beginning, containing sixteen acres, more or less, together with all and singular the rights, members, hereditaments, and appurtenances to the said premises belonging, or in any wise incident or appertaining; to have and to hold, all and singular the premises aforesaid unto the said Landsford Water Power Company, its successors and assigns, forever. And I do hereby bind myself, my heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said Landsford Water Power Company, its successors and assigns, against myself and my heirs and assigns, and all other persons lawfully claiming or to claim the same, or any part thereof. Witness my hand and seal, this 27th day of October, 1894. William A. Courtenay, trustee. [L. S.] Signed, sealed, and delivered in the presence of J. J. Ballenger, T. E. Stribling.

John R. London intervened by the following petition, and was made a party plaintiff: ·

The petition of John R. London respectfully shows:

I. That prior to the sale of the property by J. C. McFadden, C. C. Pleas, to William A. Courtenay, on the 12th of November, 1892, referred to in paragraph (1) of complaint in above stated case, Allen Jones and Thomas C. Robertson, individually, and also under the firm name of Jones & Robertson, were largely indebted to this petitioner. That at the solicitation of the said Allen Jones and Thomas C. Robertson, who were desirous of obtaining an interest in said property, it was agreed by and between the said Allen Jones and Thomas C. Robertson and the petitioner, before the purchase of said property, as set forth in the said complaint and "Exhibit B" thereof, that in consideration of this petitioner advancing, or procuring the advancement, of their portion of the purchase money, that the petitioner should be secured by and reimbursed out of said interest the amount of said purchase money, as well as all other sums due to this petitioner by the said Allen Jones and Thomas C. Robertson, individually or under their firm name of Jones & Robertson, on account of his advancement for them or otherwise, and that said Allen Jones and Thomas C. Robertson should receive no part of said property or any benefit therefrom until said indebtedness or liability on endorsement should be fully paid and discharged. That in consideration of said agreement and understanding, this petitioner did procure for the said Allen Jones and Thomas C. Robertson their part of said purchase money. That no mortgage or other specific lien in writing was executed by the said Allen Jones and Thomas C. Robertson to further secure compliance with said agreement, because it was considered that same would be secured by terms of said declaration of trust by William A. Courtenay ("Exhibit B" of said complaint), wherein it provided that said property could not be disposed of except upon the direction of all the *cestui que trusts*, or a majority of them, and because of mutual

confidence on the part of the petitioner and the said Allen Jones and Thomas C. Robertson.

II. That said agreement has since been repeatedly recognized and confirmed.

III. That the said Allen Jones and Thomas C. Robertson, individually, and as Jones & Robertson, are still indebted to this petitioner on endorsement and otherwise in the sum of over $5,000, and which indebtedness or liability was to be secured by said agreement, and, as petitioner claims, is still so secured.

IV. That if the defendants in said action are permitted to levy upon and sell said property under execution as they are now attempting to do, as alleged in said complaint, such levy and sale will operate to the irreparable injury of petitioner. That the said petitioner has been advised that the said Allen Jones and Thomas C. Robertson have no interest in said property that is subject to levy and sale under said execution, and that this petitioner is a proper and necessary party to a complete determination of said complaint.

Wherefore, your petitioner prays that he may be made a party to said proceedings and that he may join in the prayer of the complaint thereof, and that said defendants be forever enjoined from levying and advertising or selling said property or any part thereof, and for such other and further relief as may be just. And your petitioner will ever pray, &c. *Verified.*

The defendants interposed an oral demurrer as follows:

I. That it does not appear upon the face of the said complaint or petition that the sale ought to be enjoined in this action, or a conveyance thereunder would create any cloud upon the complainant's title, or any of them.

II. That it appears upon the face of the said complaint that the sale of the lands described in the complaint under the judgment of the defendant, McCrady, and a conveyance made thereunder, would not compel the complainants, or any of them, in an action of ejectment brought against them

by the purchaser at said sale, to offer any evidence to defeat a recovery, but it appears that they could rely upon the purchaser's own showing at said trial to establish invalidity of the alleged cloud, if in fact it be invalid.

III. That it further appears upon the face of the said complaint that the title which the purchaser would acquire at said sale would not be an *apparently* good title upon the records, but only such a title as could be shown to be valid, if valid at all, by the introduction of extrinsic evidence in behalf of the purchaser, to establish its validity; whereas, to entitle the complainants to the relief prayed for, it must appear upon the face of the said complaint that the title of the complainants being shown as it appears upon record, the alleged cloud sought to be prevented would be apparently a good title against that of the complainants, though really defective by reason of facts *dehors* the record.

IV. That it appears upon the face of the complaint that the complainants have an ample and adequate redress at law, which rights may be adjudicated and determined by a court of law, and will not occasion any multiplicity of suits.

V. That it appears upon the face of the complaint and of the petition of John R. London that the said complainants, Allen Jones and Thomas C. Robertson, have such an interest in the said lands described in the complaint, under and by virtue of the deed from McFadden, clerk, to Courtenay, as is subject to levy and sale under execution, and as such is subject to the lien of the judgment of the defendant, McCrady.

VI. That, in addition to the above grounds, it appears upon the face of the said petition of the said John R. London that if any trust relation is created between the said John R. London and the said Allen Jones and Thomas C. Robertson affecting the same lands, the same is in violation of the provisions and stipulations of section 2092 of the Revised Statutes of 1893, and cannot affect the issues involved in this case.

VII. That it further appears upon the face of the said

petition that the said petitioner claims a lien upon the interest of the said Allen Jones and Thomas C. Robertson in the said lands, which said lien, if valid, is prior to the lien of the judgment of the defendant, McCrady.

The oral demurrer having been overruled, the defendants appeal on following exceptions:

I. That it does not appear upon the face of the complaint that the sale sought to be perpetually enjoined in this action, or that a conveyance thereunder would create any cloud upon the title of any of the complainants herein.

II. That it appears upon the face of the said complaint that the said sale and conveyance of said land thereunder would not compel the complainants, or any of them, under an act of ejectment brought against them by the purchaser, his heirs or assigns, to offer any evidence to defeat a recovery, but that complainants could rely upon the purchaser's own showing at said trial to establish *the invalidity of the alleged cloud*, if in fact it be invalid.

III. That it further appears upon the face of the said complaint that the title which the purchaser would take at said sale would not be *an apparently* good title upon the records, but only such title as could be shown to be valid, if valid at all, by the *introduction* of *extrinsic* evidence in behalf of the said purchaser to establish its validity; whereas, to entitle the complainants to the relief prayed for, it must appear upon the face of the said complaint that the title of the complainants being shown as it appears upon the record, the alleged cloud sought to be prevented would be apparently a good title against that of the complainants, though really defective by reason of facts *dehors* the record.

IV. That it appears upon the face of the complaint that the complainants have an ample and adequate redress at law, which rights may be adjudicated and determined by a court of law, and will not occasion any multiplicity of suits.

V. That it further appears upon the face of the said com-

plaint and petition of John R. London, made part of said complaint, that the said Allen Jones and Thomas C. Robertson have such an interest in the property described in the said complaint under the deed from McFadden to Courtenay as is subject to levy and sale under execution, and as such is subject to the lien of the judgment of the defendant, McCrady.

VI. That, in addition to the above grounds, it appears upon the face of the said petition of the said John R. London, that if any trust relation is created between the said John R. London and the said Allen Jones and Thomas C. Robertson, affecting the said lands, the same is in violation of the provisions and stipulations of section 2092 of the Revised Statutes of 1893, and cannot affect the issues involved in this case.

VII. That it further appears upon the face of the said petition that the said petitioner claims a lien upon the interest of the said Allen Jones and Thomas C. Robertson in the said lands—which said lien, if valid, is prior to the lien of the judgment of the defendant, McCrady.

*Messrs. Obear & Douglass,* for appellant, cite: 86 N. Y., 232; 16 Wis., 287; 14 Wis., 216, 468; 54 Ala., 468; 14 N. Y., 9; 26 S. C., 1; 32 S. C., 203; 4 S. C., 375; 41 S. C., 519; 28 S. C., 450; 8 Rich., 378; 16 S. C., 545; Speer's Eq., 584; 1 Strob. Eq., 363; 12 Rich. Eq., 313; 4 S. C., 144; 2 DeS. Eq., 520.

*Messrs. Wilson & Wilson,* contra, cite: 16 S. C., 548; 1 DeS. Eq., 541; 2 N. & McC., 578; 2 Rich., 624; 54 Mo., 578; 34 Vt., 484; 49 Ala., 294; 41 Wis., 436; 2 W. Va., 491; 57 Ill., 283; 11 Heisk., 337; 51 Cal., 301; 19 Iowa, 305; 21 Ark., 249; 15 Cal., 127; 72 Ill., 606; 4 S. C., 374; 5 Wall., 74; 50 Miss., 363; 12 Chicago Leg. N., 152; 3 Pet., 210.

March 20, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE.    On the 3d day of January an action was instituted in the Court of Common Pleas for Chester

County, in this State, by the plaintiffs above named against the defendants above named. When it came on for trial, before Judge Watts, on the 21st day of November, 1896, an oral demurrer was interposed by the defendants, which demurrer was overruled by his Honor, Judge Watts. The defendants thereupon appealed to this Court. In order that this appeal may be apprehended, it will be necessary in the report of the case to set out the complaint with the exhibits "A," "B,""C," the petition of John R. London, the grounds of demurrer, on pages 21 and 22 of the "Case," and the exceptions.

The complaint and petition are absolutely silent as to the date of the judgment of McCrady against Jones and Robertson, so that it does not appear whether the lien thereof attached to the lands in controversy before the sale thereof by McFadden, as clerk, to William A. Courtenay, or at what time afterwards. Indeed, the only reference to this judgment of McCrady against Jones and Robertson in the complaint and petition is in the fourth paragraph of each. In the fourth paragraph of the complaint it is merely stated that William H. Hood, as sheriff of Chester County, has levied upon the interest of Allen Jones and Thomas C. Robertson on all the property conveyed by McFadden, clerk, to William A. Courtenay, under a judgment obtained by Edward McCrady against the firm of Jones & Robertson, composed of Allen Jones and Thomas C. Robertson. That neither Allen Jones nor Thomas C. Robertson have legal title to said lands or other interest therein, except as stated in the first three paragraphs of the complaint, and that the plaintiffs are advised that no part of said premises is subject to levy and sale under said execution. While in the fourth paragraph of the petition of John R. London, it is alleged that the petitioner is advised that Allen Jones and Thomas C. Robertson have no interest in said lands that is subject to levy and sale under said execution. The complaint and petition are equally silent as to any invalidity in the judgment of McCrady against Jones and Robertson. Under this

condition of the pleadings, is not the rule which was laid down in *Latimer* v. *Ballew*, 41 S. C., 519, applicable? It is true, that this Court in that case did proceed to dispose of the alleged equities in the plaintiffs there. I am unwilling to attempt to dispose of the very interesting questions which have been so ably presented in the arguments at bar, without these allegations, if they can be made. I think, therefore, that the Circuit Judge was in error in his refusal to sustain the oral demurrer as to so much of the complaint and petition as I have pointed out. The Circuit Judge ought to have sustained the demurrer on these points, and left the balance of the questions to await the correction of the pleadings as herein indicated.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remitted to the Circuit Court, with leave to the plaintiffs to amend their pleadings within thirty days after the *remittitur* from this Court shall reach the Circuit Court, but in the event the plaintiffs within that period of time neglect or refuse to amend their pleadings as hereinbefore indicated, that then the complaint and petition be dismissed.